## THOMPSON, ET AL. v. HAIR.

1. After judgment by default, where the process is a judicial attachment, a return of " not in time to execute," to the *Ca. Ad. Res.*, will be considered as a general return of not found. *Quere*—Whether in any case where the process is by attachment, advantage of defects in the process are available, where no plea in abatement has been interposed ?

Writ of error to the County Court of Sumter.

HAIR, as administrator of Wallace, sued out a writ returnable to the February Term, 1843, of the County Court, against Thompson and others : this writ was received by the sheriff on the 6th of February, and returned on the 10th, "not in time to execute." The second Monday, which is the time fixed for the session of the Court, fell upon the 13th day. It was made to appear to this Court, that the defendants were residents of the county when the writ issued, and a judicial attachment was allowed. Upon this, property was seized and replevied by the defendants, who suffered a judgment to go against them by default. The transcript shows by a certificate at its close, that upon the allowance of the writ, the sheriff

came to the Clerk's office and amended the return so as to read, "not found in my county."

It is now assigned for error, that the judicial attachment was irregularly sued out.

INGE, for the plaintiff, relied on the decision made in Wyatt v. Campbell, Minor, 390; 9 Porter, 218.

The amendment of the return not having been made with the leave of the Court, is a nugatory act. [4 Ala. Rep. 155, 537.]

HAIR, *pro se*, cited Maverick v. Duffee, 1 Ala. Rep. N. S. 433; Mayo v. Stonum, 2 Ala. Rep. 390.

GOLDTHWAITE, J.—We think the objection to the form of the return upon the writ, is unavailing at this stage of the proceeding.

It is certain the return is not a regular one, nor in the precise words of the statute; yet no one can mistake its meaning, which is, that the defendants were not found, because the writ was received at too late a period to be executed. Under the statute a judicial attachment is allowed as a mode of service whenever the defendant is a resident of the county, and the return is not found. It is entirely immaterial to the plaintiff, whether this return is induced by the absence of the defendant, or the inability of the sheriff to find him. We think the judgment must be affirmed on the return as it appears in the record, and without reference to the amendment, which seems to have been very irregularly made, and without any competent authority.

Independent of this, it might well call for consideration, whether a judgment would, under the construction now given to the attachment law, in any case be reversed, for a defect in the process, where the defendant has omitted to avail himself of it by plea in abatement.

Judgment affirmed.